MEMORANDUM **
Haci Kurt, a native and citizen of Turkey, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we review de novo claims of constitutional violations in immigration proceedings, Ram v. INS, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.
Substantial evidence supports the agency’s adverse credibility determination because Kurt’s testimony regarding past persecution was omitted from his asylum application. See Li, 378 F.3d at 962-64. Kurt failed to adequately explain this omission when given the opportunity, see Kaur v. Gonzales, 418 F.3d 1061, 1066-67 (9th Cir.2005), and the discrepancy goes to the heart of his claim, see Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001). In the absence of credible testimony, Kurt failed to demonstrate eligibility for asylum *651 or withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).
Substantial evidence also supports the agency’s denial of CAT relief because Kurt failed to demonstrate that it is more likely than not he will be tortured if he returns to Turkey. See Almaghzar v. Gonzales, 457 F.3d 915, 921-22 (9th Cir.2006).
Because we conclude the agency’s credibility determination is supported by substantial evidence, Kurt’s due process contention fails. See Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (to prevail on a due process claim, a petitioner must demonstrate prejudice).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.